# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THOMAS ALBERT,**

    **Plaintiff,**

v.

    Civil Action 2:17-cv-701
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**OHIO ADULT PAROLE AUTHORITY,** *et al.,*

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Thomas Albert, an Ohio citizen who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority, his parole officer James Haas, his parole revocation hearing officer Jennifer Pribe, and Cynthia Mausser in an unknown capacity (collectively "Defendants"), all of whom are Ohio citizens. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to assert any claim over which this Court has subject matter jurisdiction.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is

---

[1] Formerly 28 U.S.C. § 1915(d).

2

invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

According to the Complaint, Defendants were involved in various capacities with Plaintiff's parole revocation. (ECF No. 1-1 at 5, 7.) On May 25, 2015, Plaintiff entered custody at the Franklin County Jail for failure to communicate with his parole officer. (*Id*. at 5.) On May 29, 2017, Plaintiff was transferred to the Franklin County Corrections Center II, where he participated in a fight and subsequently received sanctioning by the sheriff's staff. (*Id*.) As a result of these events, Plaintiff was charged with violating the terms of his parole. (*Id*.) Plaintiff's parole was revoked following a hearing on July 20, 2017. (*Id*. At 7.) Plaintiff alleges that revocation of his parole violates his "due process" rights and denies him his right to confront witnesses against him. (*Id*.) Plaintiff seeks a rehearing of his parole revocation and $10,500 in damages. (*Id*. at 6.)

## III.

Plaintiff purports to bring this action under 42 U.S.C. § 1983. To the extent that Plaintiff seeks an order declaring that state court revocation of his conditional release on parole was obtained in violation of his rights guaranteed under the United States Constitution, however, Plaintiff must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Heck v. Humphrey*, 512

U.S. 477, 787 (1994); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for a prisoner who seeks immediate or speedier release from confinement."). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck*, 512 U.S. at 487. Here, Plaintiff seeks another parole hearing, which necessarily implicates the length of his confinement, and a judgment for plaintiff would necessarily undermine his criminal conviction. Consequently, the Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

If, alternatively, the "due process" which Bailey seeks consists of monetary damages from Defendants, he cannot recover damages in a § 1983 proceeding, based on the doctrine set forth in *Heck*. Plaintiff's allegations that Defendants violated his constitutional rights during various stages of the parole revocation process amount to no more than a collateral challenge of his imprisonment. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486–87. In other words, before Plaintiff may seek money damages in a federal civil rights proceeding in which he appears to claim that the revocation of his conditional release on parole was unlawfully obtained, he must first show that the Ohio Adult Parole Authority's decision to revoke his parole has been overturned or set aside.

**IV.**

For the reasons explained above, Plaintiff's Complaint fails to assert any claim over which this Court has subject matter jurisdiction. Accordingly, the Undersigned finds that Plaintiff has not made out viable claims upon which relief may be granted against any of the

4

named defendants. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims pursuant to Section 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: September 28, 2017        /s/ *Elizabeth A. Preston Deavers*
                             ELIZABETH A. PRESTON DEAVERS
                             UNITED STATES MAGISTRATE JUDGE